UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFREDO HERRERA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CATHAY PACIFIC AIRWAYS LTD.,<br><br>　　　　Defendant. | Case No. 20-cv-03019-JCS<br><br>**ORDER DENYING MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 58 |

## I. INTRODUCTION

In this putative class action, Plaintiffs Winifredo and Macaria Herrrera assert a claim for breach of contract against Defendant Cathay Pacific Airways Ltd. ("Cathay Pacific") based on allegations that Cathay Pacific has failed to honor its contractual obligation to provide a cash refund for a flight for which they had purchased tickets that was cancelled as a result of the COVID-19 public health emergency. Instead, Plaintiffs allege, Cathay Pacific offered them only vouchers for flight credits that would expire in July 2020, which they were unable to use. Cathay Pacific brought a motion to dismiss, which the Court granted in part and denied in part, giving Plaintiffs leave to amend. Plaintiffs subsequently filed their First Amended Class Action Complaint, which is the operative complaint. Presently before the Court is Cathay Pacific's Motion to Dismiss or, in the Alternative, to Compel Arbitration ("Motion"). The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the motion hearing set for June 4, 2021 at 9:30 a.m. pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED.[1]

---

[1] The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND[2]

In the Court's February 21, 2021 Order on Cathay Pacific's previous motion to dismiss, the Court held, *inter alia*, that Plaintiffs failed to state a claim for breach of contract because: 1) they relied on the General Conditions of Carriage for subsidiary Dragon Pacific whereas the applicable contract is the General Conditions of Carriage ("GCC") of Cathay Pacific; and 2) even if they had invoked the correct contract, they did not adequately allege that they satisfied the conditions precedent for receiving a refund under the Cathay Pacific GCC, namely, that they requested refunds and surrendered their tickets, or that the conditions were excused.

In their first amended complaint ("FAC"), Plaintiffs have relied on Cathay Pacific's GCC and allege additional facts about their efforts to obtain a refund on their tickets. These additional allegations indicate that Plaintiffs' requests were made to the third-party booking website that sold them their tickets, ASAP Tickets ("ASAP), and not to Cathay Pacific. FAC ¶¶ 51, 61-62, 64. ASAP allegedly informed Plaintiffs that Cathay Pacific "would only offer an expiring travel voucher, and not a monetary refund." *Id.* ¶ 62. Plaintiffs allege that they contacted ASAP rather than Cathay Pacific after speaking directly to a Cathay Pacific agent at the airport and being informed that the airline would not be able to reroute Plaintiffs and that they should book flights with another airline. *Id.* ¶¶ 54-57. According to Plaintiffs, the agent assured them that they would be refunded for the unused portion of their tickets. *Id.* ¶¶ 57, 59. Plaintiffs further allege that when Cathay Pacific cancelled their flights it sent an email to them stating as follows:

> We are sorry that for operational reasons, your flight has been cancelled. A full refund of your ticket is available. If you booked directly with us, you can request the refund through Manage Booking on cathaypacific.com. **Otherwise please contact your travel agent**.

*Id.* at ¶ 53 (emphasis added in FAC).

Plaintiffs allege that contacting Cathay Pacific directly to request refunds rather than vouchers was "functionally impossible . . . by inaccessibility of customer service, with wait times

---

[2] The Court provided a detailed summary of the allegations in the original complaint and the terms of Cathay Pacific's GCC in its previous order, *see* dkt. no. 48, and therefore does not repeat them here.

2

of more than two hours frequently reported[.]" *Id.* ¶ 47. They further allege that "by its own conduct, [Cathay Pacific] prevented Plaintiffs from making a direct refund request from the airline through its website because their ticket was purchased through a travel agent." *Id.* ¶ 70. According to Plaintiffs, Cathay Pacific "expressly instructed Plaintiffs that their only option for making a refund request was to 'contact your travel agent' instead of making a direct refund request with Defendant, making it impractical or impossible for Plaintiffs to satisfy any alleged procedures established by the company." *Id.* Plaintiffs allege that they "surrendered their tickets to Defendant, as the time for their scheduled, but cancelled, flight has long since passed." FAC ¶ 71. Finally, Plaintiffs allege that Cathay Pacific was "placed on notice . . . that Plaintiffs seek a monetary refund, not a flight credit" when the Herreras filed the complaint in this action, nearly a year ago, and Cathay Pacific "has refused to refund Plaintiffs for their losses, which remain ongoing." *Id.* ¶ 72.

In the Motion, Cathay Pacific contends that in light of the allegations that Plaintiffs purchased their tickets through ASAP, the arbitration agreement that Plaintiffs entered into with ASAP when they purchased their tickets applies to Plaintiffs' claims against Cathay Pacific. Motion at 27-31. Cathay Pacific has supplied a declaration by Peter Vazan, the CEO of the manager of the entity that operates as ASAP, International Travel Network, LLC ("ITN, LLC"), which describes the process for purchasing a ticket on ASAP's website. *See generally* Declaration of Peter Vazan in Support of Cathay Pacific's Motion to Dismiss or, in the Alternative, to Compel Arbitration ("Vazan Decl.").[3] According to Vazan, in order to book a ticket through ASAP,

---

[3] Plaintiffs object to the Court's consideration of these documents "for the purposes of determining Defendant's motion under FRCP 12(b)(6)." Opposition at 8 n. 2. These documents are offered only to support Cathay Pacific's argument that Plaintiffs' claims are subject to the arbitration provision between the Herreras and ASAP. That argument is asserted under the Federal Arbitration Act ("FAA") rather than Rule 12(b)(6). " 'While the Court may not review the merits of the underlying case [i]n deciding a motion to compel arbitration, [it] may consider the pleadings, documents of uncontested validity, and affidavits submitted by either party.' " *Macias v. Excel Bldg. Servs. LLC*, 767 F. Supp. 2d 1002, 1007 (N.D. Cal. 2011) (quoting *Ostroff v. Alterra Healthcare Corp.*, 433 F.Supp.2d 538, 540 (E.D.Pa. 2006)) (internal quotations and citation omitted). Because Plaintiffs do not challenge the validity of the documents attached to the Vazan Declaration and the Court considers the declaration and attached evidence only to determine whether Plaintiffs' claims are subject to arbitration, the Court does not reach Plaintiffs' objection.

3

purchasers must check a box certifying that they agree to the ASAP Terms and Conditions ("Terms and Conditions"), which contain an arbitration provision. *Id.* ¶ 7.

ASAP's Terms and Conditions provide, in relevant part, as follows:

> Disputes. The exclusive means of resolving any dispute or claim arising out of or relating to this Agreement (including any alleged breach thereof), the Service, or the Website shall be BINDING ARBITRATION administered by the American Arbitration Association. The one exception to the exclusivity of arbitration is that you have the right to bring an individual claim against the Company in a small-claims court of competent jurisdiction. But whether you choose arbitration or small-claims court, you may not under any circumstances commence or maintain against the Company any class action, class arbitration, or other representative action or proceeding. By using the Website or the Service in any manner, you agree to the above arbitration agreement. . . .
>
> 1. Cancellations and refunds:
>
> Cancellation and refunds before departure not permitted
>
> Cancellation and refunds after departure not permitted
>
> 2. Exchanges:
>
> Changes before departure not permitted
>
> Changes after departure not permitted
>
> THE ABOVE CONFIRMED TICKETS ARE NON REROUTABLE AND NONTRANSFERABLE
>
> . . .
> After the tickets are issued, any changes or refunds are subject to the restrictions of the fares used. Generally speaking, discounted fares are more restrictive and in many cases they are nonrefundable and non exchangeable. Please pay attention to the fare restrictions of your tickets.
> . . .
>
> Airlines offer a wide range of fares, including those that offer exchanges and refunds without any restrictions and penalties. The airlines strictly follow their policies, and do not permit exchanges or refunds in case the fare restrictions do not allow it. The airlines determine the restrictions of the fares, and ITN has no power to override these restrictions.

Vazan Decl., Ex. D (Terms and Conditions). Cathay Pacific argues that even though the agreement to arbitrate is between the Herreras and ASAP, the claims they assert against Cathay Pacific are also subject to arbitration under the doctrine of equitable estoppel. Motion at 29-31.

4

Cathay Pacific further asserts that the Court should dismiss the FAC under Rule 12(b)(6) for failure to state a claim for breach of contract because the complaint still does not allege that Plaintiffs satisfied the conditions precedent for obtaining a refund or that performance of those conditions is excused. Motion at 15.

First, Cathay Pacific argues that Plaintiffs fail to allege that they requested a refund from Cathay Pacific or that Cathay Pacific denied such a request. *Id.* at 16-18. Rather, Plaintiffs made their requests to ASAP and ASAP denied the requests. *Id.* Moreover, Cathay Pacific contends, the denials by ASAP cannot be imputed to Cathay Pacific because third-party travel agents are not agents of air carriers, according to Cathay Pacific. *Id.* (citing *Harby v. Saadeh*, 816 F.2d 436, 439 (9th Cir. 1987)). Likewise, Cathay Pacific cannot be charged with receiving Plaintiffs' communications, it contends. *Id.* at 19.

Second, Cathay Pacific argues that Plaintiffs have not adequately alleged that they surrendered the unused portions of their tickets, which is another condition precedent to receiving a refund. *Id.* at 19-21. It asserts that the conclusory allegation that they surrendered their tickets because "the time for their scheduled, but cancelled, flight has long since passed" is inadequate because under the terms of the GCC, the Herreras had a full year from the date of first travel to use the vouchers (Article 3.2.1.1) and "Article 3.2.2 of the GCC provides that when passengers are 'prevented from travelling within the period of validity of the Ticket because at the time you request a reservation we are unable to confirm a reservation, the validity of such Ticket will be extended.' " *Id.* at 20. Cathay Pacific concludes, "Therefore, plaintiffs' tickets have not expired." *Id.* Cathay Pacific also argues that "surrender" and expiration have different meanings under the GCC. *Id.* at 21 (citing *Mullaney v. Delta Air Lines, Inc*., 258 F.R.D. 274, 276 (S.D.N.Y. 2009)).

Third, Cathay Pacific argues that Plaintiffs do not allege a valid excuse for failing to perform the conditions precedent. *Id.* at 21. According to Cathay Pacific, " '[m]ere difficulty or unusual or unexpected expense' is not a valid excuse for nonperformance. *Id.* (quoting *Standard Iron Works v. Globe Jewelry & Loan, Inc*., 164 Cal. App. 2d 108, 118 (1958)). Instead, "a valid excuse for nonperformance must involve objective impossibility." *Id.* (citing *Hensler v. City of Los Angeles*, 124 Cal. App. 2d 71, 83 (1954)). Cathay Pacific points to *Gutierrez v. State Farm*

5

*Insurance Co.*, arguing that in that case, the court found that the plaintiff's obligation to continue to make payments on a car that had been stolen was not excused even though the defendant had allegedly advised the plaintiff to do so. *Id.* at 22 (citing No. 12-5846 PSG, 2013 WL 2403651, at *5 (N.D. Cal. May 31, 2013). Similarly, Cathay Pacific contends, the instruction in Cathay Pacific's email advising Plaintiffs to request a refund from their travel agent did not excuse their obligation to request a refund from Cathay Pacific directly because it was not objectively impossible to do so. *Id.* at 23.

Cathay Pacific also rejects Plaintiffs' reliance on the filing of the complaint to show that they satisfied the condition precedent requiring a refund, *see* FAC ¶ 72, arguing that such a "novel legal theory" fails because "courts have generally declined to consider acts done in the context of litigation to constitute acts in non-litigation contexts." Motion at 24-25 (citing *Verkuilen v. S. Shore Building & Mortgage Co.*, 122 F.3d 410, 411–12 (7th Cir. 1997); *Middlebrooks v. St. Coletta of Greater Washington, Inc.*, No. 1:10CV653 (JCC), 2010 WL 3521760, at *6 (E.D. Va. Sept. 7, 2010)). Moreover, Cathay Pacific asserts, the complaint goes far beyond requesting a refund, seeking *inter alia*, disgorgement of profits, punitive damages and injunctive relief. *Id.* at 25. Consequently, the complaint itself cannot be construed as a refund request, according to Cathay Pacific. *Id.* Cathay Pacific also argues that allowing a class action complaint to satisfy the condition precedent would "encourage meritless litigation." *Id.* Finally, Cathay Pacific asserts, even if filing the complaint satisfied the condition precedent that Plaintiffs must request a refund, the breach of contract claim nonetheless fails because Plaintiffs have not alleged that they surrendered their tickets. *Id.* [4]

---

[4] Cathay Pacific also argues that Plaintiffs claim is preempted under Airline Deregulation Act ("ADA") to the extent Plaintiffs rely on guidance issued by the Department of Transportation ("DOT") on April 3, 2020 and on certain DOT regulations. Motion at 26-27. While the FAC contains allegations describing the same DOT regulations and guidance described in the original complaint, Plaintiffs have already conceded that their claims are not based on them and would be preempted by the ADA if they were. Therefore, the Court need not reach this argument.

III. **ANALYSIS**

    A. **Whether Plaintiffs' Claims are Subject to Arbitration Under the ASAP Terms and Conditions**

        1. **Legal Standards Under the FAA**

The FAA "governs the enforceability of arbitration agreements in contracts involving interstate commerce." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013) (citing 9 U.S.C. § 1 *et seq.*). "The United States Supreme Court has held that a litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Id.* (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632, 129 S.Ct. 1896, 173 L.Ed.2d 832 (2009)). Under California contract law, a nonsignatory may enforce an arbitration provision under the doctrine of equitable estoppel, which applies under the following circumstances:

> (1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are "intimately founded in and intertwined with" the underlying contract, *Goldman v. KPMG LLP*, 173 Cal.App.4th 209, 221, 92 Cal.Rptr.3d 534 (2009) (quoting *Metalclad Corp. v. Ventana Envtl. Org. P'ship*, 109 Cal.App.4th 1705, 1713, 1 Cal.Rptr.3d 328 (2003)), and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and "the allegations of interdependent misconduct [are] founded in or intimately connected with the obligations of the underlying agreement." *Goldman*, 173 Cal.App.4th at 219, 92 Cal.Rptr.3d 534.

*Id.* at 1128-1129. "The 'linchpin' for equitable estoppel is fairness." *Id.* at 1133.

        2. **Discussion**

While Plaintiffs do not dispute that when they purchased their tickets they agreed to arbitrate any claims against ASAP arising out of or related to ASAP's Terms and Conditions, they contend their breach of contract claim against Cathay Pacific is not based on any obligation found in the Terms and Conditions and therefore, the doctrine of equitable estoppel does not apply. Opposition at 19. The Court agrees.

In the FAC, the Herreras base their breach of contract claim on Cathay Pacific's obligations under its own GCC, not on any obligation contained in ASAP's Terms and Conditions. Further, they allege that they requested a refund through ASAP because that is what Cathay

Pacific instructed them to do. Conversely, the Herreras do not assert that ASAP engaged in any misconduct or breached its contractual obligations to them under the Terms and Conditions. Nor do the Terms and Conditions themselves indicate that the failure to provide a refund to the Herreras was, in fact, based on ASAP's rules. Rather, the Terms and Conditions make clear that with respect to refunds, "[t]he airlines determine the restrictions of the fares, and ITN has no power to override these restrictions." Vazan Decl., Ex. D (Terms and Conditions). Therefore, the Court concludes that neither of the circumstances described above applies here and that fairness does not require that the Herreras' breach of contract claim against Cathay Pacific must be arbitrated.

**B.     Whether Plaintiffs State a Claim for Breach of Contract**

**1.   Legal Standards Under Rule 12(b)(6)**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

8

(quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### 2. Discussion

Cathay Pacific contends Plaintiffs fail to state a claim for breach of contract in the FAC because they have not adequately alleged that the conditions precedent for obtaining a refund in the GCC were either satisfied or excused. The Court disagrees.

First, with respect to the requirement that Plaintiffs affirmatively request a refund from Cathay Pacific, Plaintiffs allege sufficient facts to show that they complied with this requirement. In the Court's previous order, it found that the GCC gives passengers a "choice of receiving a refund or being placed on a rescheduled or rerouted flight 'at [their] option[,]' . . . . impl[ying] that passengers must take some affirmative action to select an option." Dkt. No. 48 at p. 26. Plaintiffs' allegations that they requested to be rerouted or rescheduled but were told by a Cathay Pacific agent that neither of those options was available likely satisfies their obligation as it is reasonable to infer from these allegations that Plaintiffs informed the agent that they were seeking the only option left to them, namely, a refund. Even if the conversation with the Cathay Pacific agent was not sufficient, however, Plaintiffs further allege that they requested a refund from Cathay Pacific in the manner that Cathay Pacific instructed, that is, by contacting the travel agent that sold them the tickets. As the GCC is silent as to the manner in which passengers must request refunds and the Herreras simply followed the procedure for seeking a refund that were provided to them by Cathay Pacific, the Court rejects Cathay Pacific's argument that these allegations are insufficient to show that the Herreras performed the condition precedent of requesting a refund. Therefore, the Court need not reach Cathay Pacific's argument that the

9

Herreras failed to allege that this condition precedent is excused.

Second, the Court rejects Cathay Pacific's argument that Plaintiffs failed to allege that they surrendered their "Ticket and all unused Flight Coupons" as required under Article 11.1.3 of the GCC. As the Court noted at the hearing on Cathay Pacific's previous motion to dismiss, it is entirely unclear what this provision requires where tickets are purchased online and exist only in electronic form. Cathay Pacific does not dispute that the ticket was only in electronic form, but contends Plaintiffs nonetheless could have "surrendered" their tickets by "surrender[ing] the Itinerary/Receipt of the Electronic Ticket[,]" citing the definition of "Ticket" in the GCC as "either the document entitled 'Passenger Ticket and Baggage Check' or the Itinerary/Receipt of the Electronic Ticket." *See* Reply at 13. Again, though, Cathay Pacific offers no explanation of how the Itinerary/Receipt (which presumably was also an electronic document) could be "surrendered." The Court has found no case that addresses this issue. Nor does the case cited by Cathay Pacific to show that "surrender" is not the same as expiration, *Mullaney v. Delta Air Lines, Inc.*, 258 F.R.D. 274, 276 (S.D.N.Y. 2009), shed any light on this question as the ticket in that case was clearly a physical object that was required to have been (but was not) turned in to the airline in order to receive a refund.

As Cathay Pacific has not pointed to any authority establishing what it means to "surrender" an electronic ticket – and the meaning of this requirement is anything but clear under the circumstances here -- the Court declines to hold, as a matter of law, that Plaintiffs have inadequately alleged surrender of their tickets based on their expiration.[5] Rather, the Court concludes that further development of the record is required to determine the meaning of this

---

[5] The Court rejects Cathay Pacific's argument that the Herreras' tickets have not, in fact, expired. Cathay Pacific points to Article 3.2.2 of the GCC, which provides that when a passenger is " 'prevented from travelling within the period of validity of the Ticket because at the time [the passenger] request[s] a reservation we are unable to confirm a reservation, the validity of such Ticket will be extended.' " Motion at 20. This provision apparently allows a ticket to remain valid for some period of time after the one-year expiration date under GCC Article 3.2.1.1 where a ticket-holder tries to use the ticket to make a reservation within the one-year period and no reservations are available until after the one-year period has expired. As there is no allegation that the Herreras ever made such an unsuccessful attempt, the allegations in the FAC do not establish that the Herreras' tickets remain valid. Rather, a plausible inference is that their tickets expired one year from their outbound flights to the Philippines (September 2020 for Winifredo Herrera and October 2020 for Macaria Herrera).

provision of the GCC under the circumstances here and whether it was satisfied or excused.

## IV. CONCLUSION

For the reasons stated above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 28, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge